JOSEPH P. RUSSONIELLO (CABN 4432)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234
    E-Mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07 0456 SI |
| ) | |
| Plaintiff, ) | |
| ) | **UNITED STATES' SENTENCING** |
| v. ) | **MEMORANDUM** |
| ) | |
| HECTOR GUILLERMO RAMIREZ DE LEON, ) ) ) | |
| Defendant. ) | |
| _____ ) | |

## I. INTRODUCTION

On December 20, 2007, the defendant pled guilty to the sole Count of the captioned Indictment, a violation of 8 U.S.C. § 1326, being a previously deported alien found in the United States. The defendant pled pursuant to a plea agreement between the parties that jointly recommended a sentence no higher than the low-end of the guidelines. Sentencing has been set for April 18, 2008.

The United States agrees with U.S. Probation's calculation of the defendant's Offense Level of 21 and Criminal History Category of VI, yielding an applicable Guidelines range of 77–96 months of imprisonment. In the view of both the United States and U.S. Probation, a sentence within this range is wholly "sufficient, but not greater than necessary, to comply with

UNITED STATES' SENTENCING MEMORANDUM
CR 07 0456 SI

the purposes" of the statutory sentencing scheme. 18 U.S.C. § 3553(a). Accordingly, the United States respectfully requests that the Court sentence the defendant to 77 months of imprisonment, the low-range of the Guidelines, in compliance with the Plea Agreement.

## II. OVERVIEW OF SENTENCING GUIDELINES CALCULATIONS

The United States agrees with U.S. Probation's computation of the U.S. Sentencing Guidelines applicable to the defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2L1.2(a) |
| | +16 | U.S.S.G. § 2L1.2(b)(1)(A) (crime of violence) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total** | **21** | |

## III. DISCUSSION OF GUIDELINES CALCULATIONS

**A.     U.S.S.G. § 2L1.2(a) (base offense level)**

The defendant pled guilty to a violation of 8 U.S.C. § 1326, which specifically references U.S.S.G. § 2L1.2. *See* Guidelines Manual Appendix A. Accordingly, the defendant's base offense level should be 8.

**B.     U.S.S.G. § 2L1.2(b)(1)(A) (crime of violence)**

    **1.     Defendant's 2002 conviction constitutes a crime of violence using the categorical *Taylor* analysis.**

Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), the base offense level is increased by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after ... a conviction for a felony that is a crime of violence." The term "crime of violence" is defined in Application Note 1(B)(iii) to include "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." The defendant's 2002 conviction for felony Assault on a Peace Officer with a Semi-Automatic Firearm pursuant to California Penal Code Section 245 qualifies as such a conviction.

On July 26, 2002, the defendant pled guilty to Assault on a Peace Officer with a Semi-Automatic Firearm (San Francisco Superior Court, Docket # 181157), in violation of Cal. Penal

UNITED STATES' SENTENCING MEMORANDUM
CR 07 0456 SI                                                        2

Code § 245(D). He received a sentence of nine years in prison. *See* PSR ¶ 27. He was subsequently deported on July 13, 2005. *See* PSR ¶ 5.

In order to determine whether this conviction qualifies as a "crime of violence," courts employ *Taylor*'s categorical and modified categorical analyses. *See Taylor v. United States*, 495 U.S. 575 (1990). In *United States v. Sanchez-Ruedas*, the Fifth Circuit determined that a conviction under California Penal Code Section 245 categorically constitutes a crime of violence under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) since it falls within the common sense definition of "aggravated assault" in its generic, contemporary meaning. *United States v. Sanchez-Ruedas*, 452 F.3d 409 (5th Cir. 2006).

Defendant's guilty plea in the 2002 case establishes that he pled guilty to crime of violence as defined U.S.S.G. § 2L1.2(b)(1)(A) and Application Note 1(B)(iii) and his base offense level should therefore be increased 16 levels.

### C. U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The United States respectfully recommends that the defendant be entitled to a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting to the facts establishing his guilt.

The defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b). Because the defendant pled guilty in this case in a timely manner that avoided any preparation for trial, the United States hereby moves that he be granted this third point as well.

### IV. OTHER § 3553(a) FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider the factors set forth in §

3553(a), including the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants.  Both *Booker* and the series of cases that followed, *Rita v. United States*, *Kimbrough v. United States*, and the Ninth Circuit's recent decision in *United States v. Carty*, make clear that courts must start with a proper calculation of the Sentencing Guidelines but then should consider the § 3553(a) factors.  *See Rita v. United States*, 127 S. Ct. 2456 (2007); *Kimbrough v. United States*, 128 S. Ct. 558 (2007); and *United States v. Carty*, 2008 U.S. App. LEXIS 6084 (9th Cir. 2008). The United States submits that a sentence of 77 months, within the advisory Guidelines range, is both reasonable and appropriate in this case in light of the § 3553(a) factors.

       The United States makes this recommendation in part because the defendant's history contains substantial aggravating criminal history. 18 U.S.C. § 3553(a)(1).  The defendant's criminal history, qualifying him for Criminal History Category VI, demonstrates his clear, willful, and repeated inability to comply with the laws of this country.  *See United States v. Segura-Del Real*, 83 F.3d 275, 279 n.1 (9th Cir. 1996) ("[D]efendants in Category VI, the highest criminal history category, are, not surprisingly, the defendants who demonstrate the most limited likelihood of successful rehabilitation and the greatest likelihood of recidivism."); *United States v. Carrillo-Alvarez*, 3 F.3d 316, 320 (9th Cir. 1993) ("[D]efendants in category VI are by definition the most intractable of all offenders.").  The defendant has a long history of convictions, almost all of which are felony convictions, including the following: 1995 felony vehicle theft and felony evading arrest conviction (PSR ¶ 23); 1996 misdemeanor vehicle theft conviction (PSR ¶ 25); 1997 felony vehicle theft conviction (PSR ¶ 26); 1998 felony vehicle theft conviction (PSR ¶ 24); 2002 felony assault with a semi-automatic firearm on a peace officer and felony evading arrest conviction (PSR ¶ 27); and 2007 felony felon in possession of a firearm conviction (PSR ¶ 28).  Such a lengthy and serious criminal record, which includes multiple vehicle theft convictions, does not even take into account the four separate deportation orders the defendant has each violated and ignored.  *See* PSR ¶ 5 (deportations in January 1996, April 2, 1997, January 26, 1999, and July 13, 2005).

In addition to the defendant's criminal history, his personal history also demonstrates he has no family in the United States that would necessitate his continued illegal reentry to this country. *See* PSR ¶ 43. The defendant reports having two children, one of whom he has not seen since birth, and the other whose name he does not know. *See* PSR ¶ 43. He attended high school but did not graduate. *See* PSR ¶ 49. He reports no learning disabilities. *See* PSR ¶ 49. He reports no substance abuse, though his criminal history indicates a history of cocaine and marijuana use. *See* PSR ¶ 48. He has no current employment and no permanent residence in the United States. *See* PSR ¶ 50-51.

The defendant's extensive criminal record, multiple deportation violations, and obvious failure to rehabilitate himself whether on probation or in custody, support a lengthy sentence to "promote respect for the law," § 3553(a)(2)(A), to "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), and "to protect the public from further crimes of the defendant," § 3553(a)(2)(C). He has not found previous sentences imposed by the Court to be enough of a deterrent to prevent continued involvement in criminal activity.

Finally, a Guidelines-range sentence would especially respect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). The U.S. Sentencing Commission's Guidelines Manual provides a well-considered, nationally applicable standard, and there are no factors suggesting that the defendant should receive a sentence any lower than those routinely meted out to criminal alien defendants with similar records around the United States.

## V.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court adopt the Guidelines calculation of the United States and U.S. Probation, and find Offense Level 21, Criminal History Category VI applicable to defendant Ramirez de Leon, yielding a sentencing range of 77–96 months. The United States further respectfully requests that the Court find that a sentence within this range, as recommended by both the United States and U.S. Probation, is "reasonable" under the factors set forth in 18 U.S.C. § 3553(a). In conclusion, the United States

//

respectfully recommends that the Court sentence the defendant to 77 months of imprisonment, three years of supervised release, and payment of a $100 special assessment.

DATED: April 9, 2008                    Respectfully submitted,

                                                        JOSEPH P. RUSSONIELLO
                                                        United States Attorney

                                                        _____/s/_____
                                                        WENDY THOMAS
                                                        Special Assistant United States Attorney