BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant RAMIREZ DE LEON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0456 SI |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| HECTOR GUILLERMO RAMIREZ DE LEON, | |
| Defendant. | |

Defendant Hector Guillermo Ramirez de Leon appears before this Court to be sentenced on his conviction for Illegal Reentry by an Alien After Deportation, in violation 8 U.S.C. section 1326. Mr. Ramirez de Leon submits this sentencing memorandum in which he seeks an imminently reasonable sentence – a sentence at the low-end of the guideline range (77 months) minus the time he spent in state custody (10 months) during which he lost the opportunity to serve concurrent time because he was not promptly brought before this Court. Such a sentence – 67 months – comports with the terms of the plea agreement and is sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. section 3553(a).

///

///

Def.'s Sentencing Memo;
Case No. 07-0456 SI                    1

# BACKGROUND

## I. Mr. Ramirez de Leon's Personal History

Mr. Ramirez de Leon was born in Coban, Alta Vera Paz, Guatemala, where he suffered not only from his family's poverty, but from the hardships created from the extreme strife and instability of the region. Presentence Report ("PSR") ¶40-41. He was the youngest of nineteen children. His mother died when he was only two years-old and his older sister, America Ramirez, raised him. *Id.* at ¶40. At the age of fourteen, like many of the poor children in Guatemala, he was forced into military service. *Id.* at ¶41. He did not last long in the military, and deserted after a year of service. *Id.* At that time, his father had been killed, so he decided to leave his war-torn home country. *Id.* at ¶40.

When he arrived in the United States, he was just a teenager and had no family or friends in the United States to assist him. Unfortunately, his poverty and lack of support led him into a life on the streets, including drug abuse. With a lack of any direction, he made a series of poor decisions, which he sincerely regrets.

Most likely due to his difficult upbringing in both Guatemala and the United States, Mr. Ramirez de Leon has suffered from serious mental health impairments. As indicated in the PSR, he is currently being medicated for depression and anxiety. *Id*. at ¶46. In the past, he suffered from difficulty concentrating, difficulty sleeping, low appetite, reduced energy, and irritability, and has previously attempted suicide. While he is now on medications that appear to be improving and stabilizing his moods, he is not receiving necessary mental health treatment. *Id*.

# DISCUSSION

## I. The PSR Correctly Calculates the Guidelines and Mr. Ramirez de Leon Requests A Sentence No Higher Than the Low End of the Guidelines Range

Under the advisory sentencing guidelines, the PSR correctly calculates the total offense level in this case as 21, the criminal history category as VI, and a corresponding sentencing range of 77-96 months. The plea agreement in this case, an agreement pursuant to Rule 11(c)(1)(C) of

the Federal Rules of Criminal Procedure, calls for a sentence no higher than the low-end of the Guideline range, and permits Mr. Ramirez de Leon to request a sentence below the low-end of the guidelines based on his lost opportunity to have this time run concurrently with his state sentence. Accordingly, Mr. Ramirez de Leon respectfully requests that the Court sentence him to consistent with the plea agreement to 67 months – a sentence at the low-end of the applicable guideline range minus the time he spent in state custody.

**II.     Mr. Ramirez de Leon's Lost Opportunity to Serve Federal Time Concurrent to his State Sentence Supports a Sentence Below The Low End of the Guideline Range**

As explicitly provided for in the plea agreement, Mr. Ramirez de Leon seeks a sentence below the low-end of the guidelines range in light of his lost opportunity to receive a sentence concurrent with his state sentence because of the government's delay in indicting him on illegal reentry.

Even before the Supreme Court's decisions in *Booker, Gall,* and *Kimbrough* – based on this Court original ruling – the Ninth Circuit explicitly recognized the authority of a district court to depart downwards from a guideline range based on the lost opportunity to serve concurrent time. *See United States v. Sanchez-Rodriguez,* 161 F.3d 556, 564 (9th Cir. 1998) (en banc) ("The lost opportunity to serve more of one's state term concurrent with one's federal term is a factor unmentioned by the Guidelines. Departure based on an unmentioned factor is permissible if the factor takes the case out of the heartland of the Guidelines."). Now, under the much broader discretion afforded under the factors set forth in 18 U.S.C. § 3553(a), it is well within a district court's discretion to impose a below-guideline sentence in recognition of the costs imposed on the defendant due to delays in prosecution.

In *Sanchez-Rodriguez*, the INS had interviewed the defendant during a routine screening of inmates at the state prison. He had revealed his true name and the circumstances of his entry and prior deportation. It was not until much later that a complaint was filed and still later that the defendant was writted into federal custody to face prosecution. *See Sanchez-Rodriguez*, 161 F.3d

at 559.

Here, the Court should reduce Mr. Ramirez de Leon's sentence by ten months below the low-end of the guidelines in light of the lost opportunity to serve concurrent time due to the delay in prosecution. Arrested on state charges on October 13, 2006, and not brought to federal court until August 13, 2007, Mr. Ramirez de Leon lost the opportunity to serve ten months concurrent with his state sentence. Had Mr. Ramirez de Leon been brought to federal court in a more timely manner, he would have been given the ability to request that his federal sentence run concurrently with his state sentence. The government's action effectively added ten months to Mr. Ramirez de Leon's sentence.

Thus, Mr. Ramirez de Leon requests that the Court reduce his sentence by ten months below the low end of the guidelines so that he is not penalized simply because immigration officials, knowing the date that he would be released from state custody, chose to wait to interview and indict him. *See Sanchez-Rodriguez,* 161 F.3d at 564 (endorsing departure for lost opportunity to serve concurrent state time).

### III. Defendant's Recommended Sentence Is Sufficient But Not Greater Than Necessary To Fulfill the Sentencing Goals Under 18 U.S.C. Section 3553(a)

This Court must not only consider the guideline range, but must also consider the other directives set forth in 18 U.S.C. section 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). "The overarching statutory charge for a district court is to impose a sentence sufficient, *but not greater than necessary*" to achieve the goals of section 3553(a). *United States v. Carty*, ___F.3d___, 2008 WL 763770, *3 (9th Cir. March 24, 2008), ((internal quotations omitted)). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Section 3553(a) directs sentencing courts to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

A sentence of sixty-seven months imprisonment accomplishes the goals of section 3553(a). Mr. Ramirez de Leon respectfully requests that the Court impose such a sentence based on the following:

First, Mr. Ramirez de Leon's significant criminal history is adequately accounted for with a low-end guidelines sentence. His most serious prior felony not only added three points to his criminal history calculation, but also results in sixteen points being added to his offense level. Additionally, his criminal record places him in criminal history category VI, a category that significantly increases the recommended sentencing range. Thus, the Guidelines have more than adequately considered Mr. Ramirez de Leon's criminal history, and a sentence at the low-end of the guidelines is already sufficiently elevated to account for his individual criminal history.

Second, Mr. Ramirez de Leon suffers from serious mental health impairments. Indeed, in this case, as in others, his competency to proceed was called into question, although in each case he was found to meet the minimal standards for competency. He is currently being treated with an anti-depressant, but is not – nor has he ever – received any treatment beyond medication.

Third, Mr. Ramirez de Leon most-likely suffers from an untreated addiction to drugs. *See* PSR ¶ 48 ("His criminal records indicate a history of cocaine and marijuana abuse."). While his addiction does not excuse his behavior, it does put much of his criminal history into context. In the majority of Mr. Ramirez de Leon's prior offenses, it was reported that he was under the influence of drugs or alcohol  Mr. Ramirez de Leon acknowledges that this is a serious problem for which substance abuse treatment would be an appropriate remedy.

1     Fourth, other than the necessary proceedings regarding defense counsel's desire to ensure Mr. Ramirez de Leon's competency to proceed, no motions or other petitions were filed in this case. To the contrary, as soon as was practicable, Mr. Ramirez de Leon admitted his wrongdoing and pled guilty to this offense.

    Fifth, the offense of conviction in this case is illegal re-entry after deportation. While Mr. Ramirez de Leon acknowledges the seriousness of his offense, and admits that he made a terrible mistake in coming back to this country without permission, it is not a violent crime and must be put into context relative to the seriousness of other federal felonies. Indeed, that is precisely what the sentencing guidelines appropriately do in this case. A sentence no higher than the low-end of the guidelines appropriately reflects the seriousness of this offense and adequately accounts for his individual offense conduct.

    Finally, a federal felony conviction and sentence of sixty-seven months imprisonment are serious consequences that will more than adequately punish Mr. Ramirez de Leon for his particular conduct and will also adequately deter any future wrongful conduct.

## CONCLUSION

    In full consideration of his history and characteristics, together with the other goals of sentencing , Mr. Ramirez de Leon respectfully requests that the Court sentence him to sixty-seven months imprisonment – a sentence which is sufficient but not greater than necessary to meet the Court's sentencing objectives.

Dated: April 10, 2008        Respectfully Submitted,

                                BARRY J. PORTMAN
                                Federal Public Defender

                                /s/
                                JODI LINKER
                                Assistant Federal Public Defender